IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JEFFREY REYNOLDS                                                                                PLAINTIFF
ADC # 148292

v.                                            2:24CV00009-BSM-JTK

PAMELA COOK, et al.                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.   Introduction**

Jeffrey Reynolds ("Plaintiff") is in custody at the Delta Regional Unit of the Arkansas Division of Correction ("ADC"). He filed pro se complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2) and a Motion to Proceed in forma pauperis ("IFP Motion") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 1), which the Court will grant by separate order. The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

**II.   Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Discussion**

   **A.    Plaintiff's Complaint**

Plaintiff sued Lieutenant Pamela Cook, Sergeants F.D. Gilbert and Richardson, and Corporals D J. Wilson and Shanklin (collectively, "Defendants") in their official capacities only. (Doc. No. 2 at 1-2). Plaintiff explains that on September 19, 2023, he came to the aid of two inmates he saw laying on the floor bleeding. (Id. at 3). Plaintiff went to help the inmates. While he was dragging and carrying the injured inmates, Plaintiff was "hit with locks and stabbed with shanks." (Id.). Plaintiff alleges that Defendants stood just outside of a door watching the assault, but not helping. (Id.). Plaintiff asked Defendants to let him out, but Defendants did not open the

door. (Id.). Plaintiff says the entire time he was asking to get out he was being hit with locks and stabbed with shanks. (Id.). A Sergeant Gilmore[1] did open the door and used pepper spray, but the pepper spray hit Plaintiff in the same eye that had just been busted open with a lock. (Doc. No. 2 at 4). The door was then slammed shut. (Id.). Plaintiff's right eye was severely injured as a result of the attack, and he was treated for multiple stab wounds. (Id. at 4, 5). He is permanently scarred, partially blind, and has limited mobility in his shoulder. (Id. at 4). Plaintiff "included [with his Complaint] the grievance forms and other necessary information." (Id. at 5).

Plaintiff seeks damages only. (Id. at 4).

**B.     Failure to Exhaust Administrative Remedies**

According to the Prison Litigation Reform Act ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place

---

[1] Plaintiff named Sergeant Gilbert as a Defendant. (Doc. No. 2 at 1). Plaintiff did not name Sergeant Gilmore as a Defendant.

there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).

Plaintiff cannot proceed with this civil action because he has not completed his administrative remedies. Under the PLRA, the courts must dismiss an action that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A. Exhaustion under the PLRA is mandatory. Jones v. Bock, 549 U.S. 199, 211 (2007). Failure to exhaust is an affirmative defense. But when it is apparent from the face of the complaint that a plaintiff has failed to exhaust his administrative remedies, the court may dismiss the pleading for failure to state a claim. Id. at 214-15 (a complaint may be subject to dismissal for failure to state a claim based on an affirmative defense when the affirmative defense is clear from the face of the complaint). Such is the case here.

Plaintiff in no uncertain terms informed the Court that he "included [with his Complaint] the grievance forms and other necessary information." (Doc. No. 2 at 5). The grievance Plaintiff filed in connection with his claims in this case was denied as untimely because it was filed "beyond 15 days of the incident which occurred 9-19-23." (Id. at 7). Plaintiff appealed the grievance, but the ADC did not consider the merits of his appeal because the grievance was untimely. (Id. at 9). Plaintiff has not alleged that the grievance procedure was unavailable to him. Because Plaintiff's grievance was rejected as untimely, the ADC never reached the merits of his appeal. As a result, Plaintiff did not exhaust his administrative remedies. Barnes v. Arkansas Dep't of Correction, 485 F. App'x 151, 152 (8th Cir. 2012) (plaintiff fell short of exhausting administrative remedies where it was "clear from the record that [the plaintiff's] grievance appeal was not decided on the merits but was denied because it was untimely.") Plaintiff's claims fail for this reason, along with the additional reasons set out below.

4

### C. Official Capacity Claims

Plaintiff sued Defendants in their official capacities seeking damages only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against Defendants are the equivalent of claims against the state of Arkansas and are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

### D. Negligence and Failure to Intervene

Lastly, Plaintiff complains that Defendants were negligent and did not intervene in the vicious assault on him. But negligence does not rise to the level of failure to protect. Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir.2003). Further, from Plaintiff's allegations that he was beaten with locks—plural—and stabbed with shanks—plural—it appears that multiple, armed inmates were involved in the attack. It is well established that "prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm." Prosser v. Ross, 70 F.3d 1005, 1008 (8th Cir. 1995); see also Story v. Cashion, No. 14-1724, 2014 WL 4745953 (8th Cir. Sept. 25, 2014). From the face of Plaintiff's Complaint, it can be gathered that a guard intervening in an attack by multiple inmates wielding shanks and locks would be at risk of physical harm. Plaintiff does not indicate otherwise. To the extent Defendants could not do so, Plaintiff's allegations that Defendants failed to intervene in the armed assault fails to state a claim.

The Court reminds Plaintiff that he may file Objections to this Recommendation. If Plaintiff has additional factual allegations that he would like to add to his claims, he may do so in any Objection that he wishes to file.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2. The Court recommend[2] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[3] and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 24th day of January, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[3] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."